UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LETICIA WELLS                                              CIVIL ACTION

VERSUS                                                     NO: 18-1696

SOUTHERN FIDELITY
INSURANCE COMPANY, ET AL.                                  SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant Southern Fidelity Insurance Company's ("SFIC") Motion for Summary Judgment (Doc. 35). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This insurance dispute arose after a tornado ripped through New Orleans East and damaged Plaintiff Leticia Wells's home. On February 7, 2017, Plaintiff reported a claim with SFIC, her homeowner's insurer, for the damage to her home caused by the tornado. The next day, SFIC sent an adjuster to Plaintiff's home. The adjuster advised SFIC that it should hire an engineer to inspect the damages and estimate the cost of repair. On February 16, 2017, the engineer hired by SFIC inspected Plaintiff's property. SFIC received reports from the engineer and the adjuster on March 9, 2017. The adjuster's report estimated the cost of repair to Plaintiff's home at $31,960.28.

1

On March 13, 2017, SFIC paid Plaintiff the full amount of the adjuster's estimate.

Plaintiff then hired a contractor who estimated that it would cost more than $270,000 to repair her home. SFIC received notice of this contractor's estimate on May 24, 2017. Shortly thereafter, Plaintiff invoked the appraisal process provided for by her insurance policy ("the Policy") to resolve the dispute about the cost of repair.[1] The parties each chose appraisers, the appraisers inspected Plaintiff's property, and each appraiser estimated the cost to repair the property.

On October 3, 2017, SFIC received the appraisal award that resulted from the appraisal process. About two weeks later, on October 18, 2017, SFIC paid Plaintiff $13,406.12—the difference between the appraisal award and the amount SFIC had already paid her minus the policy's $5,000 deductible.

On January 19, 2018, Plaintiff filed suit against SFIC in the Civil District Court for the Parish of Orleans.[2] In her Complaint, Plaintiff made breach of contract and bad faith insurance claims under Louisiana law against SFIC.[3] SFIC removed Plaintiff's suit on February 19, 2018.[4] The case initially was assigned to then-Chief Judge Kurt Engelhardt. On May 14, 2018—several days before the case was reassigned to this Court—Judge Engelhardt issued a ruling confirming the parties' appraisal award and denying Plaintiff's Motion to Vacate the appraisal award.[5]

---

[1] *See* Doc. 35-4.
[2] *See* Doc. 1-4. Other named Defendants included Larry McCorkle, SFIC's appraiser, and Raymond Gonzales III, the umpire who refereed the appraisal process between Wells and SFIC. *Id.* On April 11, Wells moved voluntarily to dismiss McCorkle and Gonzales from this suit. Doc. 25. This Court granted her request on April 20, 2018, leaving SFIC as the only named Defendant in the suit. Doc. 29.
[3] *See* Doc. 1-4.
[4] Doc. 1.
[5] *See* Doc. 33.

On June 8, 2018, SFIC moved for summary judgment.[6] Plaintiff opposes.[7]

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[9] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[11] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[12] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[13]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the

---

[6] *See* Doc. 35.
[7] *See* Doc. 38.
[8] FED. R. CIV. P. 56.
[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[10] *Id.* at 248.
[11] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[12] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[13] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

3

manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[14] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[15] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[16]

## LAW AND ANALYSIS

The Court will first address Plaintiff's breach of contract claims before turning to her bad faith insurance claims.

### I. Breach of Contract

"Under Louisiana law, '[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.'"[17] "Interpretation of a contract is the determination of the common intent of the parties."[18] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[19] "Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms."[20]

---

[14] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[15] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[16] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[17] In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007) (quoting Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2003)).
[18] LA. CIV. CODE art. 2045.
[19] *Id.* art. 2046.
[20] *Cadwallader*, 848 So. 2d at 580.

4

Plaintiff alleges that SFIC breached the Policy by failing to pay the full cost of repair necessary to fix her home after the tornado damaged it. SFIC responds that this Court's confirmation of the appraisal award that SFIC paid to Plaintiff for the damage to her home freed SFIC of any further obligations to pay her under the Policy.

The Policy's "Appraisal" provision provides:

> In case we and you shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of you or us such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. *An award in writing, so itemized, of any two when filed with us shall determine the amount of actual cash value and loss*. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.[21]

Here, Plaintiff invoked the Policy's appraisal process to determine the amount of money SFIC owed her for damage to her property caused by the tornado. A valid appraisal award resulted from the process. In its Order and Reasons confirming the appraisal award, this Court stated: "The appraisal award sets the amount of loss payable to Leticia Wells for the claim that was the subject of the appraisal."[22] The subject of the appraisal involved all damage to Plaintiff's property caused by the tornado. As such, no dispute exists regarding the amount of money SFIC owes Plaintiff under its policy for damage to her property caused by the tornado in February 2017. Because no genuine dispute

---

[21] Doc. 35-4 at 27 (emphasis added).
[22] Doc. 33 at 2.

of material fact exists regarding this amount, SFIC is entitled to summary judgment on Plaintiff's breach of contract claim.[23]

## II. Bad Faith Insurance

"Louisiana law authorizes the recovery of bad faith penalties from insurers who fail to pay legitimate claims under two nearly identical [statutes]."[24] The two statutes prohibit "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause."[25] The only difference between the two statutes is the time period in which payment is required, with one requiring payment within 30 days and the other within 60 days.[26]

"To recover under either statute, the plaintiff must demonstrate that the insurer (1) received a satisfactory proof of loss; (2) that the insurer failed to pay within the designated time period, and (3) that the failure to pay was arbitrary, capricious or without probable cause."[27] "The phrase 'arbitrary and capricious' means 'vexatious' or 'unjustified, without reasonable or probable cause or excuse.'"[28] "An insurer does not act arbitrarily and capriciously . . . when it

---

[23] *See* Island Concepts, LLC v. Certain Underwriters at Lloyd's, London, No. 13-6725, 2014 WL 5524379, at *10 (E.D. La. Oct. 31, 2014) (granting insurer's motion for summary judgment on plaintiff's claims for damages owed under an insurance policy in excess of a valid appraisal award); W. Consol. Premium Properties, Inc. v. Westchester Surplus Lines Ins. Co., No. 06-4845, 2011 WL 6300334, at *2 (E.D. La. Dec. 16, 2011) (granting insurer's motion for summary judgment on plaintiff's breach of contract claims after denying plaintiff's motion to vacate a valid appraisal award).
[24] *Island Concepts*, 2014 WL 5524379 at *12 (citing LA. REV. STAT. §§ 22:1892, 22:1973).
[25] Korbel v. Lexington Ins. Co., 308 F. App'x 800, 803 (5th Cir. 2009) (quoting Reed v. State Farm Mut. Auto. Ins. Co., 857 So. 2d 1012, 1020 (La. 2003)).
[26] *Compare* LA. REV. STAT. § 22:1892 (requiring payment within 30 days of satisfactory proof of loss) *with* LA. REV. STAT. § 22:1973 (requiring payment within 60 days of satisfactory proof of loss).
[27] *Island Concepts*, 2014 WL 5524379 at *12 (citing Boudreaux v. State Farm Mutual Automobile Ins. Co., 896 So. 2d 230, 233 (La. App. 4 Cir. 2005)).
[28] *Id.* at *12 (quoting Dickerson v. Lexington Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009)).

6

withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage."[29]

In *Long v. American Security Insurance Co.*, Louisiana's Fourth Circuit Court of Appeal stated that compliance "with a contracted and self-invoked appraisal process fails to provide evidence or factual proof of vexatious, arbitrary, [or] capricious [conduct] or conduct without probable cause."[30] As such, the court in Long affirmed a trial court's grant of summary judgment to an insurer on an insured's bad faith claim based on the insurer's tender of payment of a valid appraisal award within 30 days of the award's issuance.[31] Other courts have reached the same result on materially identical facts.[32]

Here, SFIC timely reimbursed Plaintiff the undisputed costs of repair at every stage of the claims process. Once the disputed costs were resolved—in this case, through an appraisal process—it timely paid the updated costs of repair. SFIC's failure to pay Plaintiff the amount of the appraisal award before the award was given does not constitute evidence of bad faith. Nor does any other evidence cited to by Plaintiff show that SFIC engaged in bad faith. No genuine dispute of material fact exists regarding whether SFIC engaged in bad faith. It did not. Therefore, it is entitled to summary judgment on those claims.

---

[29] *Dickerson*, 555 F.3d at 297–98 (citing Calogero v. Safeway Ins. Co. of Louisiana, 753 So. 2d 170, 173 (La. 2000)).
[30] Long v. Am. Sec. Ins. Co., 52 So. 3d 260, 264 (La. App. 4 Cir. 2010).
[31] *Id.*
[32] *See, e.g.*, *Island Concepts*, 2014 WL 5524379 at *14 ("Like in *Long*, [the insurer's] compliance with the contractual appraisal process does not provide evidence of bad faith. Because [the insured] has pointed to no evidence indicative of its ability to prove at trial that [the insurer] acted with bad faith, [the insurer] is entitled to summary judgment with regard to [the insured's] bad faith claims."); *Consol. Premium Properties*, 2011 WL 6300334, at *3 ("[B]ecause [the insurer] paid plaintiffs the amount due under the appraisal award well within the statutory period . . . [the insurer] made timely payment of the claim, and it is therefore entitled to summary judgment.").

7

## CONCLUSION

For the foregoing reasons, SFIC's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice.

New Orleans, Louisiana this 7th day of January, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**